**Electronically Filed
Intermediate Court of Appeals
30059
31-AUG-2012
07:46 AM**

NO. 30059

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CLARENCE STONE, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NOS. 2DTA-08-00722; 2DTA-08-01628;
2DTC-08-011610; 2DTC-09-009261)


SUMMARY DISPOSITION ORDER
(By: Foley and Ginoza, JJ. with
Nakamura, C.J., concurring and dissenting separately)

Defendant-Appellant Clarence Stone (Stone) appeals from the Notices of Entry of Judgment and/or Order and Plea/Judgments (Judgments) in Case Nos. 2DTA-08-00722, 2DTA-08-01628, 2DTC-08-011610, and 2DTC-09-009261 filed in the District Court of the Second Circuit, Wailuku Division (District Court).[1]

In Case No. 2DTA-08-00722, pursuant to Stone's guilty plea, he was convicted of Operating a Vehicle After License and Privilege Have Been Suspended or Revoked for Operating a Vehicle Under the Influence of an Intoxicant (Operating Vehicle After License Revoked), in violation of Hawaii Revised Statutes (HRS) § 291E-62 (2007 Repl.).

---

[1] The Honorable Kelsey T. Kawano presided.

In Case No. 2DTA-08-01628, pursuant to Stone's guilty plea, he was convicted of: Operating a Vehicle Under the Influence of an Intoxicant (OVUII) in violation of HRS § 291E-61(a) (Supp. 2008); and Driving Without a License (DWOL) in violation of HRS § 286-102 (2007 Repl.).

In Case No. 2DTC-08-011610, pursuant to Stone's guilty plea, he was convicted of: Operating a Vehicle After License Revoked in violation of HRS § 291E-62; and Driving Without No-Fault Insurance in violation of HRS § 431:10C-104 (2005 Repl.).

In Case No. 2DTC-09-009261, pursuant to Stone's no contest plea, he was convicted of Operating a Vehicle After License Revoked in violation of HRS § 291E-62.

On appeal, Stone raises the following points of error:

(1) with respect to Case No. 2DTA-08-01628: (a) the District Court lacked subject matter jurisdiction over the OVUII offense because the charge failed to allege an essential element, that Stone operated a vehicle upon a public way, street, road, or highway, as required under State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009); and (b) the District Court lacked subject matter jurisdiction over the DWOL offense because the charge failed to allege that Stone "was not excepted by statute from the driver's licensing requirements[.]";

(2) with respect to Case Nos. 2DTA-08-00722, 2DTC-08-011610, and 2DTC-09-009261, the District Court lacked subject matter jurisdiction over the offenses of Operating a Vehicle After License Revoked because each of the charges failed to allege an essential element, that Stone operated a vehicle upon a public way, street, road, or highway, as required under Wheeler.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the judgment in each case and resolve Stone's points of error as follows.

2

We first address the State's contention that Stone's notice of appeal was defective and thus failed to invoke appellate jurisdiction.  The District Court entered two sets of judgments, the first set on July 14, 2009 and subsequently another set on September 1, 2009, which amended Stone's sentences.  Stone filed his notice of appeal on September 14, 2009, within thirty days of the September 1, 2009 judgments. However, the notice of appeal indicated the appeal was from the July 14, 2009 judgments and copies of those judgments were attached thereto.

Although Stone's notice of appeal should have referenced that the appeal was from the judgments entered on September 1, 2009, this error does not prevent appellate jurisdiction in this appeal.

With respect to multiple judgments, the supreme court has explained as follows:

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawai'i Labor Relations Bd., 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, and ellipsis omitted); see also State v. Mainaaupo, 117 Hawai'i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008).  Because the September 1, 2009 judgments materially and substantially altered the July 14, 2009 judgments by modifying Stone's sentences, Stone should have appealed from the latter judgments.  However, under the standard articulated in State v. Bohannon, "a mistake in designating the judgment . . . should *not* result in loss of the appeal as long as *the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.*"  102 Hawai'i 228, 235, 74 P.3d 980, 987 (2003) (quoting City & Cnty. of Honolulu v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976)).

Moreover, Hawai'i Rules of Appellate Procedure (HRAP) Rule 3(c)(2) states, in relevant part that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal."

The State does not argue that it could not be fairly inferred that Stone intended to appeal the September 1, 2009 judgments, nor does the State argue that it was misled by the mistake. Moreover, the State did not file a statement contesting jurisdiction as allowed by HRAP Rule 12.1(a). Rather, the State filed an answering brief addressing the merits of Stone's appeal, and raises the question of jurisdiction as an initial argument.[2] We therefore conclude that we have jurisdiction to hear this appeal.

(1) Because the respective charges did not allege that Stone operated a vehicle upon a public way, street, road, or highway as required in Wheeler, Stone contends that the charges were defective and that the District Court thus lacked subject matter jurisdiction: in Case No. 2DTA-08-01628 as to the OVUII offense; and in Case Nos. 2DTA-08-00722, 2DTC-08-011610 and 2DTC-09-009261 as to the offenses in those cases of Operating a Vehicle After License Revoked.

Stone did not object to any of the subject charges at any point in the District Court proceedings and instead raises the issue for the first time on appeal. In Wheeler, the Hawai'i Supreme Court stated that:

> this court has applied different principles depending on whether or not an objection was timely raised in the trial court. Under the "Motta/Wells post-conviction liberal construction rule," we liberally construe charges challenged for the first time on appeal. See Merino, 81 Hawai'i at 212, 915 P.2d at 686; Wells, 78 Hawai'i at 381, 894 P.2d at 78; Elliott, 77 Hawai'i at 311, 884 P.2d at 374; State v.

---

[2] The State's reliance on State v. Kilborn, 109 Hawai'i 435, 127 P.3d 95 (App. 2005) is misplaced. In Kilborn, unlike this case, the district court expressly left open the possibility that it would include restitution in the sentence and had not yet decided that issue when the appeal was taken. Kilborn is thus inapposite.

> *Motta*, 66 Haw. 89, 90, 657 P.2d 1019, 1019-20 (1983). Under
> this approach, there is a "presumption of validity,"
> *Sprattling*, 99 Hawai'i at 318, 55 P.3d at 282, for charges
> challenged subsequent to a conviction. In those
> circumstances, this court will "not reverse a conviction
> based upon a defective indictment [or complaint] unless the
> defendant can show prejudice or that the indictment [or
> complaint] cannot within reason be construed to charge a
> crime." *Merino*, 81 Hawai'i at 212, 915 P.2d at 686
> (citation omitted).

121 Hawai'i at 399-400, 219 P.3d at 1186-87.

In <u>Wheeler</u>, the Hawai'i Supreme Court further noted

that:

> in determining whether a defendant has been adequately
> informed of the charges against him, the appellate court can
> consider other information in addition to the charge that
> may have been provided to the defendant during the course of
> the case up until the time defendant objected to the
> sufficiency of the charges against him.

<u>Wheeler</u>, 121 Hawai'i at 396, 219 P.3d at 1183;[3] <u>see</u> <u>State v.</u>

<u>Sprattling</u>, 99 Hawai'i 312, 318-21, 55 P.3d 276, 282-85 (2002)

(court reviewed record and information provided to defendant

prior to challenge of the charge in determining defendant failed

to overcome presumption of valid charge under the <u>Motta/Wells</u>

---

[3] In <u>State v. Hitchcock</u>, 123 Hawai'i 369, 235 P.3d 365 (2010), the
Hawai'i Supreme Court addressed an untimely challenge to the sufficiency of
the charge and reaffirmed past case decisions that look at the information
provided to the defendant up to the point a court rules on the challenge to
the charge:

> Moreover, this court has stated that,
>
> in determining whether the accused's right to be
> informed of the nature and cause of the accusation
> against him [or her] has been violated, *we must look*
> *to all of the information supplied to him [or her] by*
> *the State to the point where the court passes upon the*
> *contention that the right has been violated.*

State v. *Israel*, 78 Hawai'i 66, 70, 890 P.2d 303, 307 (1995)
(emphasis added) (citing State v. *Treat*, 67 Haw. 119, 120, 680
P.2d 250, 251 (1984); State v. *Robins*, 66 Haw. 312, 317, 660 P.2d
39, 42-43 (1983)) (other citation omitted) (brackets in original).
This court additionally stated that a defendant's right to be
informed of the nature and cause of the accusation can be deemed
satisfied if the record "clearly demonstrate[s] the defendant's
*actual knowledge*" of the charges against him or her. *Id.* at 71,
890 P.2d at 308.

123 Hawai'i at 379, 235 P.3d at 375.

standard); <u>State v. Treat</u>, 67 Haw. 119, 120, 680 P.2d 250, 251 (1984) (dismissal of indictment reversed because, prior to consideration of dismissal motion, defendant "had been supplied with the grand jury transcript which clearly established the details of the crime, [and] he had been fully informed of the nature and cause of the accusation against him.").

In this case, Stone does not attempt to make any showing that the requirements of the <u>Motta/Wells</u> rule are met. Indeed, although the State argued the application of the <u>Motta/Wells</u> rule in its answering brief, Stone did not file a reply brief and thus does not address the <u>Motta/Wells</u> rule. Instead, Stone's contention is that because the charges were defective pursuant to <u>Wheeler</u>, under cases such as <u>State v. Cummings</u>, 101 Hawai'i 139, 63 P.3d 1109 (2003), the District Court did not have jurisdiction to convict him.  The Hawai'i Supreme Court, however, has continued to recognize the validity of the <u>Motta/Wells</u> rule, both in <u>Wheeler</u> and post-<u>Wheeler</u>.  <u>See</u> <u>State v. Tominiko</u>, 126 Hawai'i 68, 76, 266 P.3d 1122, 1130 (2011); <u>Hitchcock</u>, 123 Hawai'i at 379, 235 P.3d at 375.

Because Stone did not timely raise any objection to the sufficiency of the subject charges before he was convicted in the District Court, the <u>Motta/Wells</u> liberal construction standard is applicable.  Under this standard, the validity of the charges is presumed and the convictions will not be reversed unless Stone can show: (a) prejudice; or (b) that the charges cannot within reason be construed to charge a crime.

Stone makes no attempt to carry his burden under the <u>Motta/Wells</u> rule and thus has waived any challenge on the issue of prejudice and whether the charge can within reason be construed to charge a crime.  <u>See</u> HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

Even if we were to reach those issues, the record indicates that Stone cannot show that he was prejudiced or that

the charges cannot within reason be construed to charge a crime. In each of the underlying cases, Stone plead guilty or no contest to the respective charges and as part of his plea admitted that he understood the charges against him. There is also no showing that for any of the subject offenses, Stone was operating his vehicle somewhere other than on a public way, street, road, or highway.

In Case No. 2DTA-08-01628, during the hearing for his guilty plea, Stone was informed of the factual basis for the charge which apprised him that he was being charged for conduct that occurred upon a public roadway. Specifically, the deputy prosecutor stated on the record that the offense occurred on the 8th day of October 2008, in the County of Maui, State of Hawai'i, and "[t]his was specifically on Kahului Beach Road, Wahinepio in Kahului, defendant was observed to be operating his vehicle upon a public roadway of the State." (Emphasis added).

In Case No. 2DTA-08-00722, Case No. 2DTC-08-011610, and Case No. 2DTC-09-009261, the respective Amended Complaints set forth two charges, Operating a Vehicle After License Revoked and Driving Without No-Fault Insurance. In Case No. 2DTA-08-00722, both charges were alleged to have occurred on or about December 13, 2007. In Case No. 2DTC-08-011610, both charges were alleged to have occurred on or about December 24, 2008. In Case No. 2DTC-09-009261, both charges were alleged to have occurred on or about May 22, 2009. In each of these Amended Complaints, the charge for Driving Without No-Fault Insurance specifically stated that the offense occurred when Stone operated a vehicle "upon any public street, road, or highway of this State[.]" Thus, when the Amended Complaint in each of these cases is read as a whole, it can be reasonably inferred that the charges therein refer to the same incident and that the charge for Operating a Vehicle After License Revoked was for conduct that occurred on a public street,

road, or highway.[4]  See Tominiko, 126 Hawai'i at 76-77, 266 P.3d at 1130-31.

Moreover, in Case No. 2DTC-08-011610, prior to Stone's challenge to the sufficiency of this charge, he was informed of the factual basis for his guilty plea, which further apprised Stone that he was being charged for conduct that occurred on a public roadway.[5]  Similarly, in Case No. 2DTC-09-009261, Stone was informed of the factual basis for his no-contest plea, including that he was stopped on Papa Avenue in Kahului.[6]

Under the Motta/Wells analysis, we thus reject Stone's untimely challenge to the sufficiency of the respective charges and his assertion that the District Court lacked subject matter jurisdiction to convict him.

---

[4]  Although the charge for Driving Without No-Fault Insurance was dismissed as part of the plea agreements in Case No. 2DTA-08-0722 and Case No. 2DTC-09-009261, this does not affect the analysis as to whether the charge for Operating a Vehicle After License Revoked was sufficient.  When read as a whole, the Amended Complaints in these cases still apprised Stone that he was being charged for conduct that occurred on a public roadway.  See Tominiko, 126 Hawai'i at 76-77, 266 P.3d at 1130-31.

[5]  Specifically, the State provided the following factual basis before the District Court accepted Stone's plea:

> this occurred on the 24th day of December 2008.  The defendant was observed to be operating a vehicle upon a public roadway of this state.  This was in the division of Wailuku, County of Maui, State of Hawaii.  Officers observed an expired tax decal, made the traffic stop, defendant was identified as the operator.  At the time he could not produce insurance for the vehicle.  He was the registered owner.  And he also could not produce a valid license.  Check with vehicle license revealed his license was suspended for OUI previously.

[6]  The State provided the following factual basis for Stone's no-contest plea:

> [T]he facts are that on or about May 22nd, 2009, the defendant was stopped for not having a seat belt on as an operator.  Upon stop, the defendant was found to have a suspended or revoked driver's license for OUI as well as the fact that he was unable to provide a valid motor vehicle insurance policy.  He was also stopped on I believe it's -- Papa Avenue in Kahului.

(Emphasis added).

8

(2) Stone's remaining point of error is that, in Case No. 2DTA-08-01628, the District Court lacked subject matter jurisdiction over the DWOL offense because the charge failed to allege that Stone "was not excepted by statute from the driver's licensing requirements."

HRS § 286-102 (2007 Repl.) provides, in relevant part:

> §286-102 Licensing. (a) No person, <u>except one exempted under section 286-105, one who holds an instruction permit under section 286-110, one who hold a provisional license under section 286-102.6, one who holds a commercial driver's license issued under section 286-239, or one who holds a commercial driver's license instruction permit issued under section 286-236</u>, shall operate any category of motor vehicles listed in this section without first being appropriately examined and duly licensed as a qualified driver of that category of motor vehicles.

(Emphasis added). The DWOL charge in Case No. 2DTA-08-01628 did not allege that Stone was not exempted from the driver's licensing requirements of HRS § 286-102.

The parties dispute whether, under HRS § 286-102, a required element of the DWOL offense is that Stone "was not excepted by statute from the driver's licensing requirements." Relying on <u>State v. Matautia</u>, 81 Hawai'i 76, 912 P.2d 573 (App. 1996), Stone argues that it is a required element. He thus asserts that the charge was deficient without such allegations being included. To the contrary, the State argues under <u>State v. Romano</u>, 114 Hawai'i 1, 155 P.3d 1102 (2007), <u>State v. Lee</u>, 90 Hawai'i 130, 976 P.2d 444 (App. 1999), and <u>State v. Nobriga</u>, 10 Haw. App. 353, 873 P.2d 110 (1994), *overruled on other grounds by* <u>State v. Maelega</u>, 80 Hawai'i 172, 178-79, 907 P.2d 758, 764-65 (1995), that because the exceptions contained in other provisions are only referenced in HRS § 286-102 and are not an integral part of defining the DWOL offense, they are defenses and not part of the elements of the offense.

We need not decide for purposes of this case whether a required element of the DWOL offense is that Stone "was not excepted by statute from the driver's licensing requirements."

9

As stated earlier, Stone did not object to the sufficiency of the DWOL charge at any point before the District Court and raises this issue for the first time on appeal.  Thus, the Motta/Wells rule applies.  See Tominiko, 126 Hawai'i at 76, 266 P.3d at 1130. Stone fails to make any argument under the Motta/Wells rule, does not attempt to carry his burden to show that he was prejudiced or that the DWOL charge cannot within reason be construed to charge a crime, and he has therefore waived any challenge on these issues.  See HRAP Rule 28(b)(7).

THEREFORE,

IT IS HEREBY ORDERED THAT the Judgments entered by the District Court on September 1, 2009 in Case Nos. 2DTA-08-00722, 2DTA-08-01628, 2DTC-08-011610, and 2DTC-09-009261 are affirmed.

DATED:  Honolulu, Hawai'i, August 31, 2012.

On the briefs:

Hayden Aluli
for Defendant-Appellant

Renee Ishikawa Delizo
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Associate Judge

Associate Judge

10